IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **WILLIAM MCDOWELL** and **DONNA MCDOWELL** | | **PLAINTIFF** |
| vs. | Case No. 4:22-CV-04028 | |
| **UNITED PARCEL SERVICE, INC. d/b/a UPS; UNITED PARCEL SERVICE CO.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION; UNITED PARCEL SERVICE OF AMERICA, INC.; UPSCO UNITED PARCEL SERVICE CO.; UPS FLIGHT FORWARD INC.; UPS FUEL SERVICES, INC.; UPS PROFESSIONAL SERVICES, INC.; UPS SUPPLY CHAIN SOLUTIONS, INC.; RYAN WILLIAM STANISLAWSKI, Individually and as Employee of UPS Defendants;** | | **DEFENDANTS** |

## COMPLAINT

Comes now the Plaintiff, William McDowell, by and through his attorneys, Paul Byrd Law Firm, PLLC, and for his causes of actions against the Defendants named herein, alleges and states, as follows:

## INTRODUCTION

1. This is an action for ordinary negligence, negligence *per se*, and vicarious liability stemming from an automobile collision that occurred on April 14, 2020 in Lafayette County, Arkansas.

## PARTIES

2.      Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein

3.      Plaintiff William McDowell is and was at all times relevant to this case, an adult resident of Lewisville, Lafayette County, Arkansas.

4.      Separate Defendant UNITED PARCEL SERVICE, INC. d/b/a UPS is now and was at all relevant times material hereto an Arkansas corporation.  UNITED PARCEL SERVICE, INC. d/b/a UPS may be served through its registered agent, CORPORATON SERVICE COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

5.      Separate Defendant UNITED PARCEL SERVICE CO. is now and was at all relevant times material hereto a Georgia corporation.  UNITED PARCEL SERVICE CO. may be served through its registered agent, CSC of Cobb County, Inc., at its registered address of 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

6.      Separate Defendant UNITED PARCEL SERVICE GENERAL SERVICES CO. is now and was at all relevant times material hereto a Georgia corporation.  UNITED PARCEL SERVICE GENERAL SERVICES CO.  may be served through its registered agent, CSC of Cobb County, Inc., at its registered address of 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

7.      Separate Defendant UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION is now and was at all relevant times material hereto a Georgia corporation.  UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION may be served through its registered agent, CSC of Cobb County, Inc., at its registered address of 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

8. Separate Defendant UNITED PARCEL SERVICE OF AMERICA, INC. is now and was at all relevant times material hereto a Georgia corporation. UNITED PARCEL SERVICE OF AMERICA, INC. may be served through its registered agent, CSC of Cobb County, Inc., at its registered address of 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

9. Separate Defendant UPSCO UNITED PARCEL SERVICE, CO. is now and was at all relevant times material hereto an Arkansas corporation. UPSCO UNITED PARCEL SERVICE, CO. may be served through its registered agent, CORPORATON SERVICE COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

10. Separate Defendant UPS FLIGHT FORWARD INC. is now and was at all relevant times material hereto an Arkansas corporation. UPS FLIGHT FORWARD INC. may be served through its registered agent, CORPORATON SERVICE COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

11. Separate Defendant UPS FUEL SERVICES, INC. is now and was at all relevant times material hereto an Arkansas corporation. UPS FUEL SERVICES, INC. may be served through its registered agent, CORPORATON SERVICE COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

12. Separate Defendant UPS PROFESSIONAL SERVICES, INC. is now and was at all relevant times material hereto an Arkansas corporation. UPS PROFESSIONAL SERVICES, INC. may be served through its registered agent, CORPORATON SERVICE

COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

13.     Separate Defendant UPS SUPPLY CHAIN SOLUTIONS, INC. is now and was at all relevant times material hereto an Arkansas corporation. UPS SUPPLY CHAIN SOLUTIONS, INC. may be served through its registered agent, CORPORATON SERVICE COMPANY, at its registered address of 300 Spring Building Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

14.     Separate Defendant Ryan William Stanislawski (hereinafter referred to as "Stanislawski") is an adult resident of Texas and has been a resident citizen of the State of Texas at all material times referred herein. At all times mentioned in this Complaint, Stanislawski was believed to be an agent servant, employee and/or statutory employee of UPS Defendants. At all times mentioned in this Complaint, Stanislawski was acting within the scope of his agency, employment, joint employment, statutory employment, and under the control of UPS Defendants collectively.

## JURISDICTION AND VENUE

15.     Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity exists between the parties and the amount iin controversy exceeds $75,000.00.

17.     Venue is appropriate in this judicial district with this Court pursuant to 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this District.

**FACTUAL ALLEGATIONS**

18. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

19. On April 14, 2020, at approximately 5:15 pm, Plaintiff William McDowell was driving a 2002 Kenworth tractor trailer (VIN #1XKWDB9X72J894350) Northbound on State Highway 53 in Lafayette County, Arkansas.

20. At the same time that Plaintiff William McDowell was driving Northbound on State Highway 53, Separate Defendant Stanislawski, while acting in the course and scope of his employment, was driving a 2008 UPS Truck (VIN #5B4KPD28683433675) traveling Eastbound on a residential driveway located at or near 5003 Highway 53 in Lafayette County, Taylor, Arkansas.

21. While Plaintiff, William McDowell, was traveling Northbound on State Highway 53, Separate Defendant Stanislawski, in an attempt to meet his employers on the job pressures of meeting his aggressive and demanding delivery schedule, negligently, and additionally with willful and wanton disregard, pulled out from the residential driveway directly in front of Plaintiff's tractor trailer.

22. The impact of the UPS truck driven by Separate Defendant Stanislawski pushed Plaintiff William McDowell off the roadway and Mr. McDowell came to rest on the right side of the roadway facing north.

23. The 2008 UPS Truck (VIN #5B4KPD28683433675) driven by Separate Defendant Stanislawski was at all times relevant to this case owned by UPS Defendants.

24. As a direct and proximate result of the fault of Defendants, Plaintiff William McDowell suffered serious injuries, including excruciating pain and suffering. Moreover,

the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

### FIRST & SECOND CAUSES OF ACTION – NEGLIENCE AND NEGLIGENCE *PER SE* OF SEPARATE DEFENDANT RYAN WILLIAM STANISLAWSKI

25. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

26. At all times material hereto, Defendant Stanislawski was a professional driver.

27. At all times material hereto, Defendant Stanislawski was driving a commercial motor vehicle as defined under Arkansas and Federal law.

28. At all times material hereto, Defendant Stanislawski had a duty to operte the Box Truck in accord with:

   a. All Arkansas Traffic laws;

   b. All Arkansas and Federal laws and regulations governing the operation of commercial motor vehicles in the same class as the Box Truck;

   c. All industry standards governing the operation of commercial motor vehicles that have a gross vehicle weight rating under 26,001 pounds;

   d. All company rules, regulations, policies and procedures governing Defendant Stanislawski as a driver; and

   e. Reasonable and safe driving practices under the circumstances.

29. Defendant Stanislawski was negligent in the operation of the UPS box truck he was operating in at least the following ways:

a. Failing to exercise reasonable and prudent care while crossing oncoming traffic;

b. Failing to keep a proper lookout for oncoming traffic;

c. Failing to drive defensively;

d. Operating a commercial motor vehicle while distracted;

e. Failing to drive in accord with training provided to him by UPS Defendants;

f. Failing to drive in accord with the polices of UPS Defendants;

g. Failing to operate the UPS box truck in accordance with generally accepted industry standards, principles and practices;

h. Failing to operate the UPS box truck in a safe and prudent manner in view of the conditions that existed as the time of the subject collision;

i. Violating the Federal Motor Carrier Safety Regulations ("FMCSRs"), as adopted into Arkansas law, the violation of each of which constitute negligence *per se*;

j. Otherwise failing to act reasonably and prudently under the circumstances; and

k. Such other specification of negligence that shall be added by amendment or proven at trial.

30. Defendant owed a duty to follow the traffic safety rule of keeping a proper lookout for the safety of Plaintiff and others, both before and at the time of the collision, in violation of Ark. Code Ann. §27-51-104(a), (b)(6) and (b)(8). At the time of the collision, Defendant violated his duty to follow the traffic safety rule of keeping a proper look out,

which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

31.     Defendant owed a duty to follow the traffic safety rule of keeping his vehicle under proper control for the safety of Plaintiff and others, both before and at the time of the collision according to Ark. Code Ann. §27-51-104(a) and (b)(6). At the time of the collision, Defendant violated this duty of keeping his vehicle under proper control, which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

32.     Defendant owed a duty to follow the traffic safety rule of driving his vehicle in such a manner as to not indicate a wanton disregard for the safety of Plaintiff and others, both before and at the time of the collision according to Ark. Code Ann. §27-50-308(a). At the time of the collision, Defendant violated this duty by driving his vehicle in such a manner as to indicate a wanton disregard of Plaintiff, which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

33.     Defendant owed a duty to follow the traffic safety rule of using ordinary care for the safety of Plaintiff and others, both before and at the time of the collision. At the time of the collision, Defendant violated this duty of using ordinary care, which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

34.     Defendant owed a duty to follow the traffic safety rule of staying alert and driving attentively for the safety of Plaintiff and others, both before and at the time of the collision according to Ark. Code Ann. §27-51-104(a) and (b)(8). At the time of the collision, Defendant violated this duty of staying alert and driving attentively, which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

35. Defendant owed a duty to follow the traffic safety rule of yielding the right-away for the safety of Plaintiff and others, both before and at the time of the collision according to Ark. Code Ann. § 27-51-603. At the time of the collision, Defendant violated this duty of yielding the right-away, which needlessly caused extensive property damage and severe and permanent injuries to Plaintiff.

36. At the time of the collision made the basis of this lawsuit, Separate Defendant Ryan William Stanislawski was acting in the line and scope of his employment and/or agency for UPS Defendants.

37. The injuries and damages suffered by Plaintiff William McDowell were proximately caused by the wrongful, reckless, negligent, and/or wanton conduct of Defendants.

38. As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of Separate Defendant Stanislawski, Plaintiff William McDowell suffered, *inter alia*, severe and permanent injuries; past, present, and future lost wages and loss of earning capacity; conscious physical and emotional pain, suffering and mental anguish; past medical costs; and other damages in excess of the amount required for federal diversity jurisdiction.

### THIRD CAUSE OF ACTION
### VICARIOUS LIABILITY OF UPS DEFENDANTS

39. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

40. At all times material hereto, Defendant Stanislawski was acting within the course and scope of his employment or agency with UPS Defendants and was furthering the business interests of UPS Defendants.

41. UPS Defendants are vicariously liable for the negligent acts and/or omissions of Separate Defendant Stanislawski because Separate Defendant Stanislawski acted as agent, servant, and/or employee of UPS Defendants at the time that Separate Defendant Stanislawski engaged in negligent acts and/or omissions.

42. As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of these Defendants, Plaintiff William McDowell suffered, *inter alia*, severe and permanent injuries; past, present, and future lost wages and loss of earning capacity; conscious physical and emotional pain, suffering and mental anguish; past, present and future medical costs; and other damages in excess of the amount required for federal diversity jurisdiction.

## CAUSATION OF PLAINTIFF WILLIAM MCDOWELL'S INJURIES AND DAMAGES

43. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

44. The injuries and damages sustained by Plaintiff William McDowell, more particularly described below, were produced in a natural and continuous sequence from the Defendants' violations of one or more of the above-described independent duties to use for the safety of Mr. McDowell.

45. The injuries and damages sustained by Plaintiff William McDowell were a probable consequence from the Defendants' violations of one or more of the above-described independent duties to use for the safety of Mr. McDowell.

46. Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties and not following the safety rules would constitute an appreciable risk of harm to others, including Plaintiff William McDowell.

47. If Defendants had not violated one or more of the above-described independent duties and followed the safety rules for the safety of Plaintiff William McDowell, then Mr. McDowell's injuries and damages would not have occurred.

48. As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of the Defendants, Plaintiff William McDowell suffered, *inter alia*, severe and permanent injuries; past, present, and future lost wages and loss of earning capacity; conscious physical and emotional pain, suffering and mental and anguish; past, present and future medical costs; and other damages in excess of the amount required for federal diversity jurisdiction.

**COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF WILLIAM MCDOWELL**

49. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

50. The injuries and damages sustained by Plaintiff William McDowell as a result of each Defendants' violations as set forth above of one or more of the above, include, but are not limited to, the following:

   a. Serious and permanent bodily injuries to Plaintiff William McDowell's neck, back, elbow, left shoulder, left hand, eyes, lungs, traumatic brain injury and other parts of his body, which is a life changing event causing Mr. McDowell to lose the ability to enjoy a normal quality of life;

   b. Cervical injury with bilateral radiculitis with continuous neck pain radiating to the shoulder blade with aggravation of multilevel spondylosis;

   c. Left shoulder tear with reported tear;

   d. Lumbar injury with continuous low back pain with facetogenic features;

  e. Left hand dysesthesia;

  f. Saddle embolism with pulmonary emboli now manifesting with residual shortness of breath;

  g. Traumatic brain injury with manifestation of complex partial seizures with possible anoxic encephalopathy, cognitive deficits, and psychological changes which include depression, anxiety and monophobia;

  h. Right eye temporal field defect with peripheral vision and depth perception deficits;

  i. Right retro-orbital headaches triggered by right gaze;

  j. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

  k. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

  l. Loss of income in the past and reasonably expected to be experienced in the future;

  m. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

  n. Mental anguish experienced in the past and reasonably expected to be experienced in the future, which includes, but is not limited to, Plaintiff William McDowell's adjustment disorder, loss of quality of life due to permanent injuries causing chronic pain that limits his activities; and

  o. The reasonable expense of any necessary help in Plaintiff William McDowell's home in the past, and reasonably certain to be required in the future, as a result of Mr. McDowell's injuries.

51. The injuries and damages sustained by Donna McDowell as a result of Defendants' violations, include, but are not limited to, the following:

  a. Loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

## AMOUNT OF DAMAGES

52.     Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

53.     The injuries and damages to Plaintiff William McDowell are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Mr. McDowell should be awarded a judgment as against the Defendants in an amount to fully and fairly compensate him for each and every element of damages that has been suffered.

## PUNITIVE DAMAGES

54.     Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

55.     Plaintiff William McDowell is entitled to punitive damages from Defendants UNITED PARCEL SERVICE, INC. d/b/a UPS; UNITED PARCEL SERVICE CO.; UNITED PARCEL SERVICE GENERAL SERVICES CO.; UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION; UNITED PARCEL SERVICE OF AMERICA, INC.; UPSCO UNITED PARCEL SERVICE CO.; UPS FLIGHT FORWARD INC.; UPS FUEL SERVICES, INC.; UPS PROFRESSIONAL SERVICES, INC.; UPS SUPPLY CHAIN SOLUTIONS, INC.; and RYAN WILLIAM STANISLAWSKI, for their conduct wherein they knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally or probably result in injury or damage, and that they continued such conduct with malice or reckless disregard of the consequences from which malice could be inferred.  These were reckless acts and omissions that occurred under circumstances where the defendants' conduct, in total disregard of the consequences, would naturally

and probably result in injury or damages to Mr. McDowell. Defendants knew or should have known, in light of the surrounding circumstances that their conduct would naturally and probably result in serious injury, and continued this conduct with malice and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

## DEMAND FOR JURY TRIAL

56. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

57. Plaintiff William McDowell demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

58. Plaintiff William McDowell incorporates by reference herein the preceding paragraphs as if fully set forth herein.

59. Plaintiff William McDowell reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff William McDowell prays that after a jury trial of this action that he be awarded the following:

A. A judgment against Defendants in such an amount that will fully and fairly compensate him for all of the above-described compensatory damages and for punitive damages against all Defendants, in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

B. All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

C. Loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

D. A pre- and post-judgment interest award against the Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

E. All other proper relief to which he may be entitled in the premises.

Respectfully Submitted,

Paul Byrd, ABN 85020
Patrick Kirby, ABN 88125
Dusty Dawn Smith, ABN 2021262
**Paul Byrd Law Firm, PLLC**
415 North McKinley, Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
Paul@PaulByrdLawFirm.com
Patrick@PaulByrdLawFirm.com
Dusty@PaulByrdLawFirm.com

and

Steve Crane, ABN 78033
Ryan Phillips, ABN 2006074
Crane, Phillips & Rainwater, PLLC
P.O. Box 727
Magnolia, AR 71754
Phone: (870) 234-4727
Fax:    (870) 234-4181
Crane@MagnoliaLaw.net
Phillips@MagnoliaLaw.net

By:   _Paul Byrd_____
Paul Byrd, Bar No. 85020