IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM MCDOWELL and
DONNA MCDOWELL                                                                    PLAINTIFFS

v.                                    Case No. 4:22-cv-4028

UNITED PARCEL SERVICE, INC.
d/b/a UPS; UNITED PARCEL SERVICE CO.;
UNITED PARCEL SERVICE GENERAL
SERVICES CO.; UNITED PARCEL SERVICE
OASIS SUPPLY CORPORATION; UNITED PARCEL
SERVICE OF AMERICA, INC.; UPSCO UNITED
PARCEL SERVICE, CO.; UPS FLIGHT FORWARD, INC.;
UPS FUEL SERVICES, INC.; UPS PROFESSIONAL
SERVICES, INC.; UPS SUPPLY CHAIN SOLUTIONS, INC.;
RYAN WILLIAM STANISLAWSKI, INDIVIDUALLY
AND AS EMPLOYEE OF UPS DEFENDANTS                                        DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion for Extension of Time to Serve All Defendants (ECF No. 24), Motion to Strike Defendants' Affidavit in Support (ECF No. 28), Motion to Strike Defendants' Motion to Dismiss as Untimely (ECF No. 29), and Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (ECF No. 30). Defendants have responded to Plaintiffs' motions. *See* ECF No. 32. Therefore, the Court finds these matters ripe for consideration.

**I. BACKGROUND**

On March 23, 2022, Plaintiffs William and Donna McDowell filed this action against Defendants United Parcel Service, Inc. d/b/a UPS, United Parcel Service Co., United Parcel Service General Services Co., United Parcel Service Oasis Supply Corporation, United Parcel Service of America, Inc.; UPSCO United Parcel Service, Co., UPS Flight Forward, Inc., UPS

Fuel Services, Inc., UPS Professional Services, Inc., UPS Supply Chain Solutions, Inc., and Ryan William Stanislawski.  In that complaint, Plaintiffs allege that Stanislawski, "an agent servant, employee and/or statutory employee" of Defendants, acted negligently, causing an automobile collision on April 14, 2020, in Lafayette County, Arkansas.  ECF No. 2.  Plaintiffs further allege that the truck driven by Stanislawski and involved in the collision "was at all times . . . owned by UPS Defendants" and that Stanislawski was, at the time of the collision, "acting in the line and scope of his employment and/or agency for UPS Defendants."  ECF No. 2.

On May 4, 2022, Defendants timely answered Plaintiff's complaint.  ECF No. 18.  In that answer, Defendants raise, as relevant here, the affirmative defenses of lack of personal jurisdiction and insufficient service of process.  ECF No. 18, at 5, 7.  Then, on July 19, 2022, Plaintiffs filed a Motion for Extension of Time to Serve Defendants, arguing that they "need additional time to determine if such affirmative defenses are valid."  ECF No. 24.

Also on July 19, 2022, all Defendants except United Parcel Service, Inc. (collectively, the Moving Defendants) filed a motion asking this Court to dismiss them for lack of personal jurisdiction, and in support of that motion, the Moving Defendants attached an affidavit from Jill Termini, Associate General Counsel for United Parcel Service General Services, Co.  ECF Nos. 25, 25-1.  The Moving Defendants contend that Plaintiffs have not alleged sufficient facts demonstrating that this Court has personal jurisdiction over them.  ECF Nos. 25, 26.  In her supporting affidavit, Termini testified that although Stanislawski was an employee of United Parcel Service, Inc. and was operating a truck owned and controlled by United Parcel Service, Inc., he was not an employee of or operating a vehicle owned or controlled by the Moving Defendants.  ECF No. 25-1.  In response, Plaintiffs filed a Motion to Strike Termini's affidavit, arguing that Termini's testimony was not based on her personal knowledge and was conclusory.

ECF No. 28.  Plaintiffs then filed another Motion to Strike, arguing that the Moving Defendants' Motion to Dismiss was untimely, as well as a Motion for an Extension of Time to Respond to the Moving Defendants' Motion to Dismiss.  ECF Nos. 29, 30.  On August 5, 2022, the Moving Defendants responded to Plaintiffs' motions.  ECF No. 32.

## II. ANALYSIS

The Court will begin with Plaintiffs' claim that the Moving Defendants' Motion to Dismiss is untimely and should be stricken.  ECF No. 29.  Federal Rule of Civil Procedure 12(b) provides, in relevant part, that a motion asserting lack of personal jurisdiction as a defense "must be made before pleading if a responsive pleading is allowed."  In Plaintiffs' view, because the Moving Defendants responded to Plaintiffs' Complaint on May 4, 2022, and only later, on July 19, 2022, filed a Motion to Dismiss pursuant to Rule 12(b), the Moving Defendants' Motion to Dismiss was untimely.  *See* ECF No. 29, at 2 ("Rule 12(b)(2) brokers no discussion – Defendants must file their Motion to Dismiss *before* they file their Answer.").

However, Federal Rule of Civil Procedure 12(h)(1) contemplates the possibility that, rather than raising an affirmative defense by motion, a party may first raise it in a responsive pleading.  *See* Fed. R. Civ. P. 12(h)(1) (providing, in relevant part, that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion . . . *or* include it in a responsive pleading." (emphasis added)).  Further, federal courts commonly find that where a party raises the defense of lack of personal jurisdiction in its answer, that party does not waive the defense.  *See, e.g.*, *Scroggins v. McGee*, No. 4:10-cv-01121, 2011 WL 4018049, at *3 n.6 (E.D. Ark. Sept. 12, 2011) (finding defense not waived where raised as affirmative defense in answer to plaintiff's complaint); *Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1013 (D. Minn. 2008) (same); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d

448, 449 n.1 (E.D. Penn. 1999) (same); *Royal Globe Ins. Co. v. Logicon, Inc.*, 487 F. Supp. 1245, 1247 n.6 (N.D. Ill. 1980) (same); *cf. Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972) ("However, it is a well settled rule that if the defense is neither raised by motion before answer nor stated in the answer, it cannot be raised for the first time by motion after the answer.").

Here, the Moving Defendants raised lack of personal jurisdiction as an affirmative defense in their Answer to Plaintiffs' Complaint. *See* ECF No. 18, at 5 ("The Defendants plead affirmatively that the Plaintiffs' Complaint be dismissed for lack of personal jurisdiction."). Although the Moving Defendants did not first raise this defense in a motion, Rule 12(h)(1) allows a party to preserve the defense by raising it in a responsive pleading. Therefore, the Court finds that the Moving Defendants' Motion to Dismiss was timely and that Plaintiffs' Motion to Strike (ECF No. 29) should be denied.

Turning to Plaintiffs' other Motion to Strike (ECF No. 28), the Court finds that the motion should be denied. Plaintiffs argue that the Court should strike Termini's affidavit, which was submitted in support of the Moving Defendants' Motion to Dismiss, because it is not based on personal knowledge and is conclusory. When considering a party's motion to dismiss for lack of personal jurisdiction, the Court may consider materials outside of the pleadings submitted in support of that motion. *See Rodriguez v. Whole Foods Mkt. Inc.*, No. 18-08301, 2019 WL 3220538, at *1 (D. Ariz. July 17, 2019). Unlike Rule 12(b)(6) motions, Rule 12(b)(2) motions are not converted into a Rule 56 motion for summary judgment when the Court considers materials outside of the pleadings. *See Vasquez v. Hong Kong & Shanghai Banking Corp.*, 477 F. Supp. 3d 241, 250 (S.D.N.Y. 2020); *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 121 (S.D.N.Y. 2020). Nevertheless, Rule 56's standards govern affidavits that are submitted in support of a motion to dismiss for lack of personal jurisdiction. *See Vasquez*, 477 F.

Supp. 3d at 250 ("Although Rule 12(b)(2) motions cannot be converted into a Rule 56 motion for summary judgment when extrinsic evidence is considered, the Rule 56 standard nevertheless guides the Court as to the documents it may consider outside of the pleadings."); *Consumer Crusade, Inc. v. JD&T Enters., Inc.*, No. 05-cv-00211, 2005 WL 8178491, at *3 (D. Colo. Oct. 17, 2005) ("Affidavits submitted in support of or in opposition to the motion to dismiss for lack of jurisdiction must comply with the requirements of Rule 56(e). 'While Rule 56(e) addresses affidavits submitted in support of or in opposition to summary judgment motions, its requirements of personal knowledge, admissible facts, and affirmative showing of competency apply to affidavits submitted in support of or in opposition to motions to dismiss on jurisdictional grounds.'" (citations omitted)); *Astor Chocolate Corp.*, 510 F. Supp. 3d at 121 ("Accordingly, affidavits or declarations in support of personal jurisdiction 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" (quoting Fed. R. Civ. P. 56(c)(4)).

"Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995). The Court may infer personal knowledge from the affidavit's contents or context, looking at whether a close relationship exists between the affiant and the subject of the affidavit. *See, e.g.*, *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 956 (S.D. Ohio 2000) (recognizing that "corporate officers are presumed to have personal knowledge of acts of their corporation" (citation omitted)); *United States v. Real Prop. Located at 475 Martin Lane*, 298 F. App'x 545, 551 (9th Cir. 2008) ("When a declarant necessarily has first-hand knowledge of the facts contained in an affidavit by virtue of his or her position of employment, personal knowledge may be inferred."); *Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 499 (6th Cir.

2017) (acknowledging that the Sixth Circuit has "presumed that corporate officers have personal knowledge of their corporation's acts"); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992) (presuming that corporate officers have personal knowledge of corporation's acts in absence of facts to the contrary). Stated differently, "there is no requirement for a set of magic words" that affiants must include to demonstrate personal knowledge, but rather, the Court may "rely on affidavits where the affiants' 'personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.'" *Directv, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (citation omitted).

Plaintiffs do not specify which of Termini's statements are deficient; instead, they argue generally that "Termini's claim that she has 'personal knowledge' of the facts in her Affidavit are belied by the fact that she does not even work for the entities she claims to have personal knowledge about." ECF No. 28, at 4. However, in her affidavit, Termini states that she is Assistant General Counsel for Defendant United Parcel General Services Co., and that, because of her position, she is "knowledgeable and familiar" with the facts presented in her affidavit. ECF No. 25-1. The Moving Defendants explain that United Parcel General Services Co., for which Termini is Assistant General Counsel, is a subsidiary of United Parcel Service, Inc., the entity which Defendants admit employed Stanislawski and owned and controlled the truck driven by Stanislawski at the time of the accident. ECF Nos. 25-1, 32. Further, Termini states that each of the Moving Defendants did not employ Stanislawski and did not own or control the truck driven by Stanislawski at the time of the accident. ECF No. 25-1. Based on Termini's position, the Court may presume that she has personal knowledge of the relationship (or lack thereof) between Defendants. *See, e.g.*, *Alexander v. Kellogg USA, Inc.*, 674 F. App'x at 499. Therefore,

the Court finds that Termini's affidavit is based on personal knowledge and is otherwise in accordance with the standards set forth by Rule 56, such that Plaintiffs' Motion to Strike (ECF No. 28) should be denied.

Having denied both of Plaintiffs' Motions to Strike, the Court turns to Plaintiffs' Motions for Extension of Time. *See* ECF Nos. 24, 30. Plaintiffs' deadline to serve Defendants was June 21, 2022. *See* W.D. Ark. Local Rule 4(m). In their answer, Defendants pled the affirmative defenses of insufficiency of service and insufficiency of process. ECF No. 18. Plaintiffs have now asked this Court for a sixty-day extension of time to determine whether their service was sufficient and, if not, to re-serve Defendants. ECF No. 24. Defendants have not responded to Plaintiffs' request for an extension of time, and the time for doing so has passed. *See* W.D. Ark. Local Rule 7.2(f). Good cause exists for the motion. *See id.*; *see also* Fed. R. Civ. P. 4(m). Thus, the Court will grant Plaintiffs' Motion for Extension of Time to Serve All Defendants. ECF No. 24. However, the Court finds that an additional thirty (30) days from the date of this Order, rather than the requested sixty (60) days, is appropriate.

Moving to Plaintiffs' second request for an extension of time (ECF No. 30), the Court notes that Plaintiffs' motion is untimely. Defendants filed their Motion to Dismiss, and Plaintiffs received electronic service of that motion, on July 19, 2022. ECF No. 25. Local Rule 7.2(b) of the Western District of Arkansas provides that "[w]ithin fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Fourteen (14) days from the date of service of Defendants' Motion to Dismiss was on August 2, 2022. *See* Local Rule 7.2(b); Fed. R. Civ. P. 6. However, Plaintiffs did not file a motion asking the Court for an extension of time to respond to Defendants' Motion to Dismiss until August 5,

2022, three days after the fourteen-day period had passed. *See* ECF No. 30. In their Motion for Extension of Time, Plaintiffs offer no explanation as to why they did not respond to Defendants' Motion to Dismiss in a timely manner and argue only that "[t]he nature and scope of Plaintiffs' response to Defendants' Motion to Dismiss depends on this Court's ruling on the Motion to Strike Termini's Affidavit." ECF No. 30. However, because the law prefers controversies to be decided on their merits, *see, e.g.*, *Bankers Trust Co v. Mallis*, 435 U.S. 381, 387 (1978), and because the Court has now ruled on Plaintiffs' Motion to Strike Termini's Affidavit, the Court grants Plaintiffs' Motion for an Extension of Time (ECF No. 30), allowing Plaintiffs an additional thirty (30) days from the date of this Order to respond to the Moving Defendants' Motion to Dismiss. *See, e.g.*, *Montel Aetnastak, Inc. v. Miessen*, 998 F. Supp. 2d 694, 707 (N.D. Ill. Jan. 28, 2014) (explaining that "[o]nce the defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction").

### III. CONCLUSION

Plaintiffs' Motions to Strike (ECF Nos. 28, 29) are **DENIED**, and Plaintiffs' Motions for Extension of Time (ECF No. 24, 30) are **GRANTED.** Plaintiffs must perfect service, if necessary, on or before **Friday, September 30, 2022**. Any future requests for extension of the service deadline must explain what steps have been taken to determine whether service has been perfected and why more time is needed. Further, Plaintiffs must respond to the Moving Defendants' Motion to Dismiss (ECF No. 25) on or before **Friday, September 30, 2022.**

**IT IS SO ORDERED**, this 31st day of August, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge