IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM MCDOWELL and
DONNA MCDOWELL                                                                                      PLAINTIFFS

v.                                                    Case No. 4:22-cv-4028

UNITED PARCEL SERVICE, INC.
d/b/a UPS; UNITED PARCEL SERVICE CO.;
UNITED PARCEL SERVICE GENERAL
SERVICES CO.; UNITED PARCEL SERVICE
OASIS SUPPLY CORPORATION; UNITED PARCEL
SERVICE OF AMERICA, INC.; UPSCO UNITED
PARCEL SERVICE, CO.; UPS FLIGHT FORWARD, INC.;
UPS FUEL SERVICES, INC.; UPS PROFESSIONAL
SERVICES, INC.; UPS SUPPLY CHAIN SOLUTIONS, INC.;
RYAN WILLIAM STANISLAWSKI, INDIVIDUALLY
AND AS EMPLOYEE OF UPS DEFENDANTS                                                  DEFENDANTS

**ORDER**

Before the Court is Defendants United Parcel Service Co., United Parcel Service General Services Co., United Parcel Service Oasis Supply Corporation, United Parcel Service of America, Inc., UPSCO United Parcel Service, Co., UPS Flight Forward, Inc., UPS Fuel Services, Inc., UPS Professional Services, Inc., and UPS Supply Chain Solutions, Inc.'s (the Moving Defendants) Motion to Dismiss. ECF No. 25. Plaintiffs William and Donna McDowell have responded. ECF No. 49. Also before the Court is Plaintiffs' Motion for Extension of Time to Serve All Defendants (ECF No. 48) and the Moving Defendants' Motion for Leave to File Reply (ECF No. 51). The Court finds that these matters are ripe for consideration.

**I. BACKGROUND**

The Court first outlined the instant action's background in its August 31, 2022 Order. ECF No. 33. The Court incorporates that background here, expounding upon it only as is

relevant to the instant Order.

In their answer to Plaintiffs' complaint, the defendants (the Moving Defendants, as well as Defendants United Parcel Service, Inc. and Ryan William Stanislawski) raised affirmative defenses challenging the sufficiency of service. ECF No. 18. On July 19, 2022, Plaintiffs requested an extension of time to perfect service. ECF No. 24. That same day, the Moving Defendants filed a motion to dismiss, alleging that the Court lacks personal jurisdiction. ECF No. 25. On August 5, 2022, Plaintiffs requested an extension of time to respond to the Moving Defendants' Motion to Dismiss. ECF No. 30. The Court granted both of Plaintiffs requests (ECF Nos. 24, 30), requiring Plaintiffs to perfect service and respond to the Moving Defendants' Motion to Dismiss on or before September 30, 2022. ECF No. 33. Plaintiffs re-issued each summons and re-served all Defendants. *See* ECF Nos. 35-47; *see also* ECF No. 48, at 2.

On September 29, 2022, Plaintiffs filed the instant Motion for Extension of Time to Serve All Defendants. ECF No. 48. On September 30, 2022, Plaintiffs filed a Response in Opposition to the Moving Defendants' Motion to Dismiss. ECF No. 49. On October 6, 2022, the Moving Defendants filed a second answer to Plaintiffs' complaint, in which the Moving Defendants reincorporated their first answer. ECF No. 50; *see also* ECF No. 18. However, in this second answer, the Moving Defendants waived all "service defenses." ECF No. 50, at 2. On October 11, 2022, the Moving Defendants filed a Motion for Leave to File Reply, asking the Court for leave to reply to Plaintiffs' Response in Opposition. ECF No. 51.

## II. DISCUSSION

The Court begins with Plaintiffs' Motion for Extension of Time to Serve All Defendants. ECF No. 48. Plaintiffs state that, following the Court's August 31, 2022 Order, they "have re-issued each summons and re-served all Defendants." ECF No. 48. However, Plaintiffs argue

that a second extension of time to serve all Defendants is necessary because Plaintiffs "have contacted defense counsel to determine if there are any remaining issues with insufficiency of process/service of process being asserted by Defendants" and need time "to determine if there are any remaining issues with insufficiency of process/service of process being asserted by Defendants." ECF No. 48, at 2.

Plaintiffs' motion (ECF No. 48) is now moot. The Moving Defendants no longer assert any service defenses but instead, have expressly stated that they now *waive* all service defenses. ECF No. 50, at 2. Thus, because the Moving Defendants no longer challenge the sufficiency of Plaintiffs' service, Plaintiffs do not need additional time to determine if there are any outstanding service issues.

Having resolved Plaintiffs' Motion for Extension of Time to Serve All Defendants (ECF No. 48), the Court turns to the Moving Defendants' Motion to Dismiss (ECF No. 25). The Moving Defendants contend that Plaintiffs' claims, insofar as they are against the Moving Defendants, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court only has personal jurisdiction over Defendants United Parcel Service, Inc. and Stanislawski. ECF Nos. 25, 26. More specifically, the Moving Defendants argue that *general* personal jurisdiction does not exist because the Moving Defendants are not "at home" in Arkansas—in fact, the Moving Defendants do not own real or personal property or assets in Arkansas—and *specific* personal jurisdiction does not exist because Plaintiffs have not shown that their claims against the Moving Defendants "arise from or relate to the Moving [Defendants'] contacts with Arkansas" or that the Moving defendants "have 'a substantial enough connection' with Arkansas for personal jurisdiction to exist." ECF No. 26, at 7-9. The Moving Defendants rely on an affidavit from Jill Termini, the Assistant General Counsel for

Defendant United Parcel Services, Co., in which she explains that each of the Moving Defendants did not employ Defendant Stanislawski and did not own or control the truck that Stanislawski was driving at the time of the at-issue vehicular collision. ECF Nos. 25-1, 32.[1]

In response, Plaintiffs assert that Termini's affidavit "cannot be considered for any evidentiary purpose because the Affidavit is not based on personal knowledge and is, at best, conclusory." ECF No. 49, at 5. Plaintiffs also argue that the Moving Defendants have purposefully availed themselves to Arkansas, creating specific personal jurisdiction, and even if not, the Moving Defendants are "at home in Arkansas," such that the Court has general personal jurisdiction over them. ECF No. 49, at 10-20. Plaintiffs attach photographs of pages from the UPS website that list UPS locations in Arkansas, UPS's "corporate facts," and UPS's global statistics. ECF Nos. 49-1, 49-2, 49-3.

"Once the defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Montel Aetnastak, Inc. v. Miessen*, 998 F. Supp. 2d 694, 707 (N.D. Ill. Jan. 28, 2014). The plaintiff must only make a prima facie showing of jurisdiction, *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646-47 (8th Cir. 2003). "A prima facie showing 'is accomplished by pleading sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."'" *Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (citation omitted). The plaintiff, rather than "rest[ing] on the conclusory allegations in his complaint," should "rebut [the moving party's] assertions with testimony, affidavits, or other documents." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th Cir.

---

[1] In her affidavit, Termini omits mention of Defendant UPS Fuel Services, Inc. *See* ECF No. 25-1. However, the instant order—and the Court's conclusion that it lacks personal jurisdiction over the Moving Defendants—nevertheless applies to Defendant UPS Fuel Services, Inc. because Plaintiffs fail to show that Defendant UPS Fuel Services, Inc. is either "at home" in Arkansas or is connected with the collision or the State of Arkansas such that personal jurisdiction exists.

4

2004); *see also Hill v. Capital One Bank (USA), N.A.*, No. 14-cv-6236, 2015 WL 468878, at *3 (N.D. Ill. Feb. 3, 2015) ("When the defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."). "If a court does not hold a hearing on personal jurisdiction but instead bases its determination on the parties' written submissions, the court must view the facts in the light most favorable to the nonmoving party." *Travis v. Asustek Computer, Inc.*, No. 6:19-cv-06118, 2021 WL 1209192, at *1 (W.D. Ark. Mar. 30, 2021).

"When the defendant is not a resident of the forum state, the district court may only exercise jurisdiction if 'personal jurisdiction exists under the forum state's long-arm statute and . . . the exercise of personal jurisdiction is consistent with due process.'" *Esposito v. Airbnb Action, LLC*, No. 5:20-cv-5204, 2021 WL 411140, at *2 (W.D. Ark. Feb. 5, 2021) (quoting *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010)). Pursuant to Arkansas's long-arm statute, "courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B). Therefore, the question before the Court is whether exercising personal jurisdiction over the Moving Defendants is consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*

The Fourteenth Amendment's Due Process Clause allows a court to exercise personal jurisdiction over a nonresident defendant where that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

(citation omitted). *International Shoe* "presaged the development of two categories of personal jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Those two categories are general and specific: general (meaning that the "defendant is 'essentially at home' in the State") and specific (meaning that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities with the forum State"). *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citations omitted).

> To evaluate the sufficiency of a defendant's contacts, we consider five factors, affording the first three primary importance: 1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) the convenience of the parties. The third factor—the relation of the cause of action to the contacts—applies only in the specific jurisdiction context and is immaterial in a general jurisdictional inquiry.

*Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008) (citation omitted). Plaintiffs assert that the Court has specific jurisdiction or, alternatively, general jurisdiction. ECF No. 49. The Court will therefore address each category in turn.

First, specific jurisdiction exists where "[t]he defendant's conduct and connection with the state [is] such that the defendant should 'reasonably anticipate being haled into court there.'" *Travis*, 2021 WL 1209192, at *2 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "The defendant's contacts with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has purposefully availed [itself] of the privilege of conducting activities in the state." *Skroch v. LabCorp, Inc.*, No. 3:19-cv-3069, 2019 WL 6174340, at *2 (W.D. Ark. Nov. 20, 2019) (quoting *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011)). In sum, "specific jurisdiction . . . is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state,

6

meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Steinbuch*, 518 F.3d at 586. Notably, however, there is no requirement that a "strict causal relationship between the defendant's in-state activity and the litigation" exist, but rather, as the Supreme Court has previously stated, "specific jurisdiction attaches in cases . . . when a company . . . serves a market for a product in the forum State and the product malfunctions there." *Ford Motor Co.*, 141 S. Ct. at 1026-27.

Plaintiffs have not demonstrated that specific personal jurisdiction exists. Instead, Plaintiffs simply state that, at the time of the at-issue collision, "Stanislawski was believed to be an agent servant, employee and/or statutory employee of UPS Defendants," "Stanislawski was acting within the scope of his agency, employment, joint employment, statutory employment, and under the control of UPS Defendants collectively," "Stanislawski was acting within the course and scope of his employment or agency with UPS Defendants and was furthering the business interests of UPS Defendants," and "UPS Defendants are vicariously liable for the negligent acts and/or omissions of . . . Stanislawski because . . . Stanislawski acted as agent, servant, and/or employee of UPS Defendants at the time that [he] engaged in negligent acts and/or omissions." ECF No. 2, at 4, 9-10. Plaintiffs do not explain *why* or *how* the nine Moving Defendants purposefully availed themselves of the privilege of conducting activities in the state of Arkansas, much less how Plaintiffs' claims arise out of or relate to each of the Moving Defendants' alleged activities in the forum state of Arkansas. *See Skroch*, 2019 WL 6174340, at *2; *Steinbuch*, 518 F.3d at 586. Further, Plaintiffs fail to submit any affirmative evidence supporting their assertion that the Moving Defendants collectively owned the package car involved in the at-issue collision and collectively employed Stanislawski. Instead, they only set forth conclusory allegations that the Moving Defendants are subject to this Court's jurisdiction

and three photos from the UPS website.  This is insufficient.  *See Hill*, 2015 WL 468878, at *3 (requiring plaintiff to submit affirmative evidence supporting the exercise of jurisdiction); *Dever*, 380 F.3d at 1074 (explaining that conclusory allegations are insufficient to support the exercise of jurisdiction).

Moreover, Plaintiffs' Response in Opposition to the Moving Defendant's Motion to Dismiss is also insufficient to establish jurisdiction.  *See* ECF No. 49.  There, Plaintiffs argue that the Moving Defendants failed to allege that, at the time of the at-issue collision, the Moving Defendants did not have the power to terminate Stanislawski's employment, did not pay his wages, and did not "factually describe[] whose work Stanislawski was doing when the collision occurred."  ECF No. 49, at 8.  However, it is the *Plaintiffs'* burden to demonstrate the existence of jurisdiction, not that of the Moving Defendants.  *See Montel Aetnastak, Inc.*, 998 F. Supp. 2d at 707.  Ultimately, Plaintiffs have not pled sufficient facts to support a reasonable inference that the Moving Defendants can be subjected to specific personal jurisdiction within the state.  *See Epps*, 327 F.3d 642, 646-47; *Brothers & Sisters in Christ, LLC,* 42 F.4th at 951.  Therefore, the Court finds that specific personal jurisdiction does not exist.

Plaintiffs argue, in the alternative, that general personal jurisdiction exists because the Moving Defendants are "at home" in Arkansas.  ECF No. 49, at 18.  Plaintiffs, citing the three photographs from the UPS website (ECF Nos. 49-1, 49-2, 49-3), argue that the Moving Defendants "have 63 locations in Arkansas," have "multiple shipping locations throughout Arkansas," "has 534,000 employees and 'over 120,000 package cars, vans, tractors, and motorcycles,'" and have "97.3 billion in revenue."  ECF No. 49, at 18.  In Plaintiffs' view, the Moving Defendants "cannot plausibly argue that none of those vehicles operate in Arkansas" or that "they do not generate significant income from their business operations in Arkansas."  ECF

No. 49, at 18. Further, Plaintiffs argue that "UPS owns and finances 289 jet aircraft and has more than 1,200 daily flight segments domestically," making it "unreasonable to believe that the aircraft and flight segments wholly avoid the state of Arkansas." ECF No. 49, at 18.

However, to say that all nine of the Moving Defendants are "at home" in Arkansas simply because the UPS website lists various Arkansas locations is "unacceptably grasping." *Daimler AG*, 571 U.S. at 138 (declining to "exercise . . . general jurisdiction in every [s]tate in which a corporation 'engages in a substantial, continuous, and systematic course of business'" (citation omitted)). Although neither party explains the nature of each defendant's relationship with the familiar "UPS" name, it is evident that various entities, wholly separate from one another, use the "UPS" name to provide various services in different parts of the country. *See, e.g.*, ECF No. 25-1. The Court cannot assume, and, in fact, does not assume, that the defendants collectively owned the package car that Stanislawski was driving at the time of the at-issue collision or that the defendants collectively employed Stanislawski. *See, e.g.*, ECF No. 25-1. Further, even if a Moving Defendant is registered in Arkansas (as Plaintiffs allege), simply being registered in Arkansas does not render that defendant "at home" in Arkansas such that it is subject to exercise of the Court's general personal jurisdiction. *See* Ark. Code Ann. § 4-20-115 ("The appointment or maintenance in this state of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in this state."). Instead, Plaintiffs must show that the Moving Defendants had substantial, continuous, and systematic contacts with the state. Ultimately, Plaintiffs have not pled sufficient facts to support a reasonable inference that the Moving Defendants can be subjected to general personal jurisdiction within the state. *See*

*Epps*, 327 F.3d 642, 646-47; *Brothers & Sisters in Christ, LLC,* 42 F.4th at 951.  Therefore, the Court finds that general personal jurisdiction does not exist.[2]

Upon careful consideration, the Court finds that Plaintiffs' Motion for Extension of Time to Serve All Defendants (ECF No. 48) should be and is hereby **DENIED AS MOOT**.  Further, the Moving Defendants' Motion to Dismiss (ECF No. 25) is hereby **GRANTED**, and the Moving Defendants (United Parcel Service Co., United Parcel Service General Services Co., United Parcel Service Oasis Supply Corporation, United Parcel Service of America, Inc., UPSCO United Parcel Service, Co., UPS Flight Forward, Inc., UPS Fuel Services, Inc., UPS Professional Services, Inc., and UPS Supply Chain Solutions, Inc.) are hereby **DISMISSED** from the instant action.  Finally, because the Court finds that it lacks personal jurisdiction over the Moving Defendants, the Moving Defendants' Motion for Leave to File Reply (ECF No. 51) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 8th day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] To the extent that Plaintiffs argue that Termini's affidavit should not be considered because it is not based on personal knowledge and is conclusory (ECF No. 49, at 5), the Court has already found, in its August 31, 2022 Order, that this argument fails.  *See* ECF No. 33, at 6 ("Based on Termini's position, the Court may presume that she has personal knowledge of the relationship (or lack thereof) between Defendants.").