IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM MCDOWELL and                                                                PLAINTIFFS
DONNA MCDOWELL

v.                                         Civil No. 4:22-cv-04028

UNITED PARCEL SERVICE, INC. and
RYAN WILLIAM STANISLAWSKI                                      DEFENDANTS

**ORDER**

      Before the Court is Defendants' Motion to Compel. ECF No. 63. This Motion was filed on March 16, 2023. Plaintiffs have responded and have filed a countermotion. ECF No. 64. The Court held a hearing on this Motion in Hot Springs, Arkansas on June 12, 2023. All Parties were present and were represented by counsel. This Motion has been referred to the undersigned and is now ripe for consideration. The Parties have submitted agreed-upon protective language for this Order, which the Court approves. Consistent with the foregoing, the Court **GRANTS** both Motions (ECF Nos. 63, 64) as follows:

      The Defendants UPS and Stanislawski, by and through their attorneys James C. Baker, Jr. and Jamie Jones, moved to compel an authorization for the raw data of neuropsychological tests given to Plaintiff William McDowell. The Plaintiffs, William McDowell and Donna McDowell, by and through their attorneys, Paul Byrd Law Firm, PLLC and Crane, Phillips & Rainwater, PLLC, filed a counter motion for the data. These motions concerned the neuropsychological testing responses and materials including manuals, instruments, protocols, and test questions or stimuli, as they pertain to William McDowell, which are in the possession of Dr. Jennifer Kleiner, Dr. James Moneypenny, and MedTrak. This Court held a hearing on June 12, 2023, and counsel for Plaintiffs

1

and Defendants appeared. After a review of the filings and argument of Counsel, this Court holds that the motions are well-taken and both are granted, and this Court further holds as follows:

In accordance with the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §160 and 164, the release of neuropsychological testing responses and materials per this Order shall be used for purposes in the above styled lawsuit. The Court Orders that any request for neuropsychological testing responses and materials shall include manuals, instruments, protocols, and test questions or stimuli. The Court Orders that records obtained per this Order may be disseminated to agents and/or associates of plaintiffs' and defense counsel, including but not limited to, their agents and expert witnesses, and that any such information disseminated will no longer be protected by HIPAA privacy standards, but by the provisions of this order and until this order expires. For all other people and entities not discussed in this Order, HIPPA protections continue.

In further accordance with HIPAA, the parties hereby acknowledge that dissemination of records obtained per this Order shall be limited to agents, representatives and expert witnesses. Further, it is

ORDERED that Plaintiff William McDowell shall provide an executed authorization to Defense Counsel in the form attached as Exhibit A within the next five days of the entry of this Order. Dr. Jennifer Kleiner ,Dr. James Moneypenny, and MedTrak are to provide all information responsive to this authorization, which includes the neuropsychological testing responses and raw data and materials including manuals, instruments, protocols, and test questions or stimuli, as they pertain to William McDowell as stated in that authorization and as provided herein within 14 business days for receipt of the request.

ORDERED that parties are hereby authorized to inspect, reproduce, and copy all neuropsychological testing responses and materials, as they pertain to William McDowell, which are in the possession of Dr. Jennifer Kleiner, Dr. James Moneypenny, and MedTrak. Further, it is

ORDERED that said Dr. Jennifer Kleiner, Dr. James Moneypenny, and MedTrak are ordered and authorized to release said information. Further, it is

ORDERED that test materials not be circulated beyond those directly involved in the case (which includes expert witnesses of the parties), that no unauthorized copies or reproductions be made, that the presentation of the test materials in the courtroom be minimized to the extent possible, that exhibits and courtroom records containing test materials and copies be protected or sealed, and that all test materials be destroyed or returned upon completion of the case. Further, it is

ORDERED that the employees, experts, and consultants of the parties' counsel to which such neuropsychological testing information is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These employees, experts, and consultants shall use said neuropsychological testing information only for the purposes of this litigation and shall not give, show, or otherwise divulge and neuropsychological testing information, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of the Court. Further, it is

ORDERED that all records so acquired by this Order and authorization copies shall be provided to Plaintiffs' and Defendants' counsel immediately from receipt of same. Further, it is

ORDERED that all records so acquired by this Order and copies thereof shall be provided to Dr. Gary Souheaver, a licensed neuropsychologist, at 6 Margeaux Court, Little Rock, Arkansas 72223.

ORDERED that if documents are examined and not copied, Plaintiffs' counsel will be provided the name and address of the place where the documents exist, a listing of all documents examined and not copied immediately after such inspection and prior to any hearing, deposition, or trial. Further, it is

ORDERED that this Order and Authorization is not a waiver of plaintiffs' right of privacy or plaintiffs' covenant of confidentiality with their physicians or other healthcare providers. Counsel for both parties agree that when this Order is sent to Dr. Jennifer Kleiner, Dr. James Moneypenny, and MedTrak that all counsel for all parties will be copied on the correspondence and that Defense Counsel will not have any substantive conversation with the providers about the care provided to Plaintiff. Defense Counsel are not prohibited from having logistical conversations with the offices to obtain the records.

ORDERED that any separate release entered into for the type of records covered by this Order shall be deemed subject to this Order as are all records produced by such a release. The parties shall thus coordinate with any providers that require "special" or "own forms" as necessary to facilitate the production of records.

This Order shall expire upon final disposition of this case and all Firms, or their designated representatives, shall be prohibited from using the Order thereafter and copies of all records obtained or distributed to experts, agents, insurance companies, or other parties to which distributed shall be destroyed no later than one (1) year after the time for appeals has been exhausted as required by HIPAA.

The parties stipulate that the records obtained from Dr. Jennifer Kleiner and Dr. James Moneypenny and MedTrak are authentic and are kept in the regular course of business.

If any records obtained or reviewed with the Order are not provided or revealed to Plaintiff's

counsel as provided herein then sanctions may issue to specifically include prohibition of the use of said records for any purpose whatsoever and at any time in connection with this litigation. All other requests in the instant Motions are hereby **DENIED**.

**ENTERED this 21st day of June 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE