IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM MCDOWELL and
DONNA MCDOWELL                                                                                   PLAINTIFFS

v.                                          Case No. 4:22-cv-4028

UNITED PARCEL SERVICE, INC.
d/b/a UPS; RYAN WILLIAM STANISLAWSKI,
INDIVIDUALLY AND AS EMPLOYEE OF
UPS                                                                                              DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion to Present Testimony by Remote Means. ECF No. 76. No response is necessary, and the matter is ripe for the Court's consideration.

Plaintiffs William and Donna McDowell's claims arise from a April 14, 2020 car accident in which Plaintiff William allegedly sustained significant injuries. A jury trial in this matter is scheduled to begin on August 14, 2023. The parties have informed the Court that they expect the trial to last ten (10) days, and the parties have identified multiple expert witnesses to testify at trial.

In the instant motion, the parties list nineteen (19) expert witnesses that they wish to testify remotely at trial by live video transmission. ECF No. 76, at 1-2 (listing expert witnesses). In support of their request, the parties explain that "[i]t is difficult to predict the amount of time that each expert will take, the exact day on which each will testify, or how complications of travel or other obligations might impact these experts' availability." ECF No. 76, at 2. The parties further explain that if the Court grants the instant motion, then each of the named witnesses "could travel to a court reporter's office near them, and could present their testimony remotely." ECF No. 76, at 3.

Federal Rule of Civil Procedure 43(a) states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

The Advisory Committee's note to Rule 43(a) explains that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for *unexpected* reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43 advisory committee's note (1996) (emphasis added). "Other possible justifications for remote transmission must be approached cautiously." *Id*. Moreover, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id*.

Here, the parties have failed to establish good cause or compelling circumstances justifying the remote appearance of nineteen (19) expert witnesses. Trial in this matter has been set since August 9, 2022, when the Court issued its Final Scheduling Order. *See* ECF No. 31. Accordingly, the parties have had approximately ten (10) months to arrange for each expert witness to be present in Texarkana, Arkansas for the August 14, 2023 trial. The parties contend that remote testimony will be "substantially easier," but this is not a sufficient rationale to justify remote testimony. *See* Fed. R. Civ. P. 43 advisory committee's note (1996) (noting that "good cause and compelling circumstances" includes events like an "unexpected illness"). Moreover, while the parties are correct that several of the identified expert witnesses have a business address located far from Texarkana, Arkansas, the Court counts eight (8) of the total nineteen (19) identified expert witnesses with a business address in the State of Arkansas. In fact, one of the witnesses, Dr. Mark

Wren, has a business office in Texarkana, Arkansas. ECF No. 76, at 2.

Accordingly, the parties have failed to establish good cause under Rule 43 to allow the identified expert witnesses to testify by remote transmission. The Court finds that the parties motion (ECF No. 76) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 30th day of June, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge