IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM McDOWELL and
DONNA McDOWELL                                                                           PLAINTIFFS

v.                                            Case No. 4:22-cv-04028

UNITED PARCEL SERVICE, INC. d/b/a
UPS; RYAN WILLIAM STANISLAWSKI
Individually and as Employee of UPS                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim (ECF No. 82) and Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims (ECF No. 85). Plaintiffs responded to Defendants' Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim (ECF No. 88) but did not respond to Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims, and the time to do so has passed. Defendants replied to Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim. ECF No. 91. The matter is ripe for consideration. For the following reasons, Defendants' Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim (ECF No. 82) will be denied, and Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims (ECF No. 85) will be granted.

### I. BACKGROUND

On April 14, 2020, at about 5:15 pm, Plaintiff William McDowell ("Plaintiff William")[1] was traveling north on Arkansas Highway 53 in Lafayette County, Arkansas. Defendant Ryan

---

[1] When referring to either plaintiff individually, the Court will use the terms "Plaintiff William" and "Plaintiff Donna." This does not demonstrate a familiarity with the parties, but rather provides clarity throughout the instant opinion and order.

William Stanislawski ("Defendant Stanislawski"), an employee of Defendant United Parcel Service, Inc. ("Defendant UPS"), was in a driveway along Arkansas Highway 53 in a UPS package car.  The UPS package car driven by Defendant Stanislawski collided with Plaintiff William's tractor-trailer after Defendant Stanislawski pulled into Plaintiff William's lane of travel.

On March 23, 2022, Plaintiffs filed this case pursuant to Arkansas law alleging negligence, negligence per se, and vicarious liability.  ECF No. 2.  Plaintiffs seek compensatory and punitive damages.  *Id.*  Defendants have admitted negligence.  ECF No. 87.  The only claim made by Plaintiff Donna is for loss of consortium.  ECF No. 84.  Plaintiff William filed for divorce from Plaintiff Donna on February 22, 2022.  *Id.*  The Final Divorce Decree was filed on November 20, 2022.  *Id.*

On July 17, 2023, Defendants filed their Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim contending Plaintiffs' divorce extinguished the loss of consortium claim and as such, this claim should be dismissed with prejudice.  ECF No. 82.  Plaintiffs responded in opposition (ECF No. 88), and Defendants replied to Plaintiffs' response (ECF No. 91).

Also on July 17, 2023, Defendants filed their Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims contending that they are entitled to summary judgment because Plaintiff cannot recover on a claim of punitive damages under the facts of this case.  ECF No. 85.  Plaintiffs have not responded to Defendants' Motion (ECF No. 85) and further, Plaintiffs do not mention that they seek punitive damages on their Pretrial Disclosures Sheet.  *See* ECF No. 94.

## II. STANDARD

The standard for summary judgment is well established. A party may seek summary judgment on a claim, a defense, or "part of [a] claim or defense." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a motion for summary judgment." *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048, at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

### III.  DISCUSSION

Plaintiff William brings this suit pursuant to Arkansas state law alleging negligence against Defendant Stanislawski, negligence per se against Defendant Stanislawski, and vicarious liability against Defendant UPS.  Plaintiff Donna alleges loss of consortium pursuant to Arkansas state law.  This Court has jurisdiction over this case through diversity of citizenship between the parties, and therefore must decide whether to apply federal or state law.  Under *Erie v. Tompkins*, a federal court sitting in diversity must apply state substantive law and federal procedure law.  304 U.S. 64, 78, 58 S. Ct. 817, 82 L.Ed. 1188 (1938); *see also Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320 (8th Cir. 1991) ("Federal district courts must apply the choice of law rules of the state in which they sit when jurisdiction is based on diversity of citizenship.").  No party disputes that Arkansas law applies to Plaintiffs' loss of consortium and punitive damage claims.

The Court will first address Defendants' Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim (ECF No. 82) and then address Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims (ECF No. 85).

**A.  Loss of Consortium**

Undoubtedly, the loss of consortium claim that is at issue in Defendants' Motion for Total Summary Judgment (ECF No. 82) is a matter of substantive state law.  *Rustenhaven v. Am. Airlines, Inc.*, 320 F.3d 802, 806 (8th Cir. 2003) (applying Arkansas loss of consortium law in diversity of citizenship case).  Consequently, the Court will apply Arkansas law in deciding whether Plaintiff Donna's loss of consortium claim is barred as a result of her divorce from her husband, Plaintiff William.

The Arkansas Supreme Court has never considered whether the divorce of a husband and wife after the husband sustains injuries bars the wife's loss of consortium claim arising out of the

husband's personal injuries. In the absence of direct Arkansas Supreme Court precedent, it is up to the Court to make an "Erie-educated guess" as to what the Arkansas Supreme Court would rule if confronted with the same issue.[2] *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010).

In Arkansas, courts have defined consortium as the "[c]onjugal fellowship of husband and wife, and the right of each to the company, co-operation, affection, and aid of the other in every conjugal relationship." *White v. Mitchell*, 263 Ark. 787, 807, 568 S.W.2d 216, 225 (1978) (internal quotation marks and citations omitted). "[T]he loss of consortium is something difficult to measure in dollars and cents, but the recovery for loss of consortium should be dictated by reason and justice." *Id.* at 807-808, 568 S.W.2d at 225.

Many courts have held that the dissolution of a marriage marks the end of the compensable period for loss of consortium but does not bar recovery completely. *See Bynum v. Magno*, 125 F. Supp. 2d 1249, 1258 (D. Haw. 2000) (concluding that the Hawaii Supreme Court would find in conformity with other jurisdictions and hold that damages stemming from loss of consortium would be limited to the period during which the spouses were married); *Sexton v. United States*, 797 F. Supp. 1292, 1305 (E.D.N.C. 1991) (finding that North Carolina would allow damages for loss of consortium where divorce occurred after injury, but divorce would limit damages); *Richardson v. Volkswagenwerk*, 552 F. Supp. 73, 87-88 (D. Mo. 1982) (holding that no loss of consortium damages can accrue after dissolution, but allowing damages for period between injury and dissolution); *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 695 (upholding thirty-

---

[2] The Court also has the option of certifying the legal question to the Arkansas Supreme Court, however, "[w]hether a federal court decides to certify a question of law to a state supreme court is a matter left to the sound discretion of the federal court." *Leeer v. Altice USA, Inc.*, No. 6:20-CV-06119, 2022 WL 17670451, at *1 (W.D. Ark. Dec. 14, 2022) (citing *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996)). This Court decides to make an Erie-educated guess.

nine thousand dollars ($39,000) in damages for loss of consortium where wife divorced husband three years after husband's injuries).

Defendants argue that "the divorce extinguished the loss of consortium claim." ECF No. 83, p. 4. Defendants rely upon *Jones v. Swanson*, 341 F.3d 723 (8th Cir. 2003) and *Rice v. Rice*, 336 U.S. 674 (1949) to support their assertions that "[w]hen a husband and wife divorce, any right of consortium is lost by both parties" and that "[d]ivorce, like death, extinguishes the marital relationship." *Id*.

In response, Plaintiffs point out that *Jones v. Swanson*, "was an action under South Dakota law for alienation of affection, a cause of action not recognized by Arkansas law" and discussed "consortium" as one element of alienation of affection, "not as an element of damages." ECF No. 89, p. 3. Further, Plaintiffs distinguish *Rice v. Rice* from the present case by pointing out that the Supreme Court of the United States addressed the validity of a Nevada divorce in deciding whether the courts of Connecticut gave a Nevada divorce decree full faith and credit as required by Art. IV, § 1 of the Constitution of the United States. *Id.* Plaintiffs note the absence of Arkansas caselaw and argue that the Court should follow persuasive authority from other jurisdictions in deciding to allow Plaintiff Donna to proceed with her claim for loss of consortium.

The Court agrees with Plaintiff. The Court predicts that the Arkansas Supreme Court would hold that a divorce or separation that occurs after the injury to one spouse would only serve to limit the compensable damages available for loss of consortium claims, not bar such claims altogether. The Court does not dispute Defendants' cherry-picked language that "consortium is a right growing out of the marital relationship" and that "rights grouped under the term consortium . . . are terminated by divorce." ECF No. 91, p. 2-3 (quoting *Jones*, 341 F.3d at 723, and *Rice*, 336 U.S. at 674). However, Defendants' assertion—because consortium, a right growing out of the

marriage, dies with divorce so does *the claim for loss* of consortium—is a logical fallacy. *See Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (2003) (upholding loss of consortium award in wrongful-death suit); *Mo. Pac. R. Co. v. Ward*, 252 Ark. 74, 477 S.W.2d 835 (1972) (upholding loss of consortium award in wrongful-death suit). While consortium may die with the end of a marriage, whether it be by divorce or death, it does not follow that *a claim for the loss* of consortium also dies. That is precisely what Plaintiff Donna seeks—recovery for the *consortium lost* in her marriage allegedly caused by Defendants negligence. The Court agrees with the profusion of caselaw that exists from other jurisdictions holding that a dissolution of marriage does not completely bar recovery for loss of consortium, it limits it. Accordingly, Defendants are not entitled to summary judgment regarding Plaintiff Donna's loss of consortium claim.

**B. Punitive Damages**

Defendants are entitled to summary judgment on the question of punitive damages because Plaintiffs cannot show by clear and convincing evidence that they are entitled to punitive damages. Punitive damages are a question for the jury when there is evidence "[t]he defendant knew or ought to have known, in light of the surrounding circumstances that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences . . . ." Ark. Code Ann. § 16-55-206(1). "Punitive damages are justified only when the defendant acts wantonly or with such conscious indifference to the consequences of his acts that malice may be inferred." *Edwards v. Stills*, 335 Ark. 470, 484, 984, S.W.2d 366, 373 (1998). Punitive damages may be awarded when the evidence is "clear and convincing." Ark. Code Ann. § 16-55-207. Negligence alone, however gross, is not enough to

7

justify punitive damages. *Alpha Zeta Chapter of Pi Kappa Alpha Fraternity by Damron v. Sullivan*, 293 Ark. 576, 587, 740 S.W.2d 127, 132 (1987).

Prior to 2003, the Arkansas Supreme Court allowed punitive damages in automobile accident cases only when they involved driving under the influence and racing. *See Nat'l Bank of Com. V. McNeill Trucking Co.*, 828 S.W.2d 584, 588 (Ark. 1992) (Dudley, J., concurring). However, in *D'Arbonne Construction Co. v. Foster*, the Arkansas Supreme Court affirmed punitive damages in an accident case involving a speeding truck driver with brakes that were in serious disrepair but had been effectively disabled so that he could continue to operate the truck without repairing them. *Id.* at 898-900. The Arkansas Supreme Court held that "[w]hether a vehicle is being operated in such a manner as to amount to wanton and willful conduct in disregard of the rights of others must be determined by the facts and circumstances of each case." *Id.* at 898. Nevertheless, subsequent rulings in Arkansas have continued to limit the availability of punitive damages in motor vehicle accident cases. *See Brumley v. Keech*, 2012 Ark. 263, at 5 (Ark. 2012) (holding that violation of controlled-substance testing regulation did not support an award for punitive damages); *Bizzell v. Transp. Corp. of Am., Inc.*, No. 4:16-CV-00376-JLH, 2017 WL 3381358, at *4 (E.D. Ark. Aug. 4, 2017) (dismissing punitive damage claims where driver had various citations and accidents); *Riffey v. CRST Expedited, Inc.*, No. 3:12-CV-00294-BRW, 2013 WL 6836665, at *2-3 (E.D. Ark. Dec. 20, 2013) (dismissing punitive damages claims where tractor-trailer was driven on icy, slick road); *Perry v. Stevens Transp., Inc.*, No. 3:11-CV-00048-JLH, 2012 WL 2805026, at *5 (E.D. Ark. July 9, 2012) (granting summary judgment as to punitive damage claims where driver had six prior non-injury scrape-and-bump collisions); *Wheeler v. Carlton*, No. 3:06-CV-00068-GTE, 2007 WL 30261, at *9-11 (E.D. Ark. Jan. 4, 2007) (dismissing

punitive damages claims against employer in action where driver had twelve prior driving citations and three accidents).

In their Complaint, Plaintiffs assert that they are entitled to punitive damages from Defendants "for their conduct wherein they knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally or probably result in injury or damage, and that they continued such conduct with malice or reckless disregard of the consequences from which malice could be inferred." ECF No. 2, p. 13. Further, Plaintiffs blanketly state that "[t]hese were reckless acts and omission that occurred under circumstances where the defendants' conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to" Plaintiff William and "punitive damages should be awarded." *Id.* at 13-14. Defendants argue that "there is no evidence of any malicious or deliberate intent to cause injury" and that "[n]egligence is all that Plaintiff[s] can set forth for this accident." ECF No. 86, p. 6. They assert that "there are not facts to allow for a finding that the conduct rises to the standard required for punitive damages." *Id.* The Court agrees with Defendants.

Plaintiffs describe nothing more than mere negligence in their complaint and did not respond to Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims (ECF No. 85). Additionally, in their Pretrial Disclosures Sheet Plaintiffs state that they "seek compensatory damages as a result of defendants," and do not mention punitive damages in their brief summary of claims and relief sought. ECF No. 94, p. 2. Nothing in the record shows any conduct meeting or suggesting the "willful and wanton" standard necessary to warrant an award for punitive damages. Accordingly, Defendants are entitled to summary judgment regarding Plaintiffs claims for punitive damages.

## IV.  CONCLUSION

For the above-stated reasons, Defendants' Motion for Total Summary Judgment of Plaintiff Donna McDowell's Loss of Consortium Claim (ECF No. 82) is hereby **DENIED** and Defendants' Motion for Partial Summary Judgment of Plaintiff's Punitive Damage Claims (ECF No. 85) is hereby **GRANTED**.

**IT IS SO ORDERED**, this 19th day of December, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
